Miller *v.* Sleeper.

GEORGE MILLER *vs.* GEORGE F. SLEEPER.

The defendant in an action of replevin, since the Rev. Sts. *c* 113, § 28, directing that the general issue in replevin shall be joined on the plea of not guilty, and the *St.* 1836, *c.* 273, § 1, by which special pleas in bar are prohibited, may, under the general issue of not guilty, prove that the property of the goods alleged to be taken is in himself.

THIS was an action of replevin to recover the possession of certain goods and chattels described in the writ. At the trial, before *Wells*, C. J., in the court of common pleas, the defendant, having pleaded the general issue of not guilty, which was joined by the plaintiff, but not having filed any specification or statement of his defence, offered evidence to prove that the goods and chattels in question were his property, at the time of the service of the writ. The plaintiff objected to the admissibility of the evidence under the general issue of not guilty; but the presiding judge overruled the objection, and the jury returned a verdict, that the property was in the defendant at the time of the service of the writ, and that he was entitled to a return. The plaintiff thereupon alleged exceptions.

*F. W. Bigelow*, for the plaintiff, relied on the case of *Holmes* v. *Wood*, 6 Mass. 1.

*H. H. Fuller*, for the defendant.

METCALF, J. By the common law, replevin lies only for the wrongful taking of chattels, and the general issue is *non cepit*, which admits that the property in the chattels replevied is in the plaintiff, and denies only the taking by the defendant. Of course, property in the defendant cannot be given in evidence, under this issue. It may, however, be pleaded in bar, and if proved under such plea, it is a defence to the action. But by our *St.* 1836, *c.* 273, special pleas in bar are prohibited, and all matters of defence are allowed to be given in evidence under the general issue. And it is directed by the Rev. Sts. *c.* 113, (which authorize replevin to be brought for goods unlawfully detained, as well as for goods unlawfully taken,) that the general issue, in the action of replevin, shall be joined on the plea of not guilty, §§ 27, 28. The defendant, therefore, was rightly permitted, at the trial, to give evidence, under that issue, that he owned the goods which the plaintiff took from him on the writ of replevin.

It was suggested by the plaintiff's counsel, that this evidence, if admissible at all, should have been excluded in this case, because the defendant had not given notice of the matter of his defence, by filing a specification thereof, according

to the rules of the court of common pleas, where the trial was had. But these exceptions are not so framed as to bring that question before this court. *Exceptions overruled.*